**Affirmed in Part, Reversed in Part, and Remanded, and Majority and Concurring and Dissenting Opinions filed May 4, 2021.**



In the

# Fourteenth Court of Appeals

---

## NO. 14-19-00145-CV

---

**REGIONAL SPECIALTY CLINIC, P.A., Appellant**

**v.**

**S.A. RANDLE & ASSOCIATES, P.C. AND SARNIE A. RANDLE, JR., Appellees**

---

**On Appeal from the 157th District Court
Harris County, Texas
Trial Court Cause No. 2017-81941**

---

### CONCURRING AND DISSENTING OPINION

I join the court's opinion in its disposition of issue one. I also join the court in its affirmance in part of the lawyer's summary judgment as to the clinic's claim of tortious interference, and reversal in part of the lawyer's summary judgment as to the clinic's claims of breach of third-party beneficiary contract, and remand of the case to the trial court. However, I disagree with the court's disposition of the lawyer's summary-judgment motion on the clinic's money-had-and-received and

unjust-enrichment claims.

The lawyer moved for no-evidence summary judgment on all the clinic's claims: "In this No-Evidence Motion for Summary Judgment, Defendant contends that there is no evidence on each element of Plaintiffs' tortious interference, third-party beneficiary claims, as well as Plaintiffs' claims alleging money had and received and unjust enrichment, and each such claim is barred by the applicable statute of limitations." Such a broad no-evidence motion is not allowed. Tex. R. Civ. P. 166a(i) ("The motion must state the elements as to which there is no evidence."); *see Cmty. Health Sys. Prof'l Servs. Corp. v. Hansen*, 525 S.W.3d 671, 695–96 (Tex. 2017); *Timpte Indus., Inc. v. Gish*, 286 S.W.3d 306, 310–11 (Tex. 2009).

This court, however, reaches the opposite conclusion and determines that the lawyer properly asserted a no-evidence motion based on the following language:

> To prove a claim for money had and received, the Plaintiff must prove that the Defendant holds money, that in equity and good conscience, belongs to the Plaintiff. *L'Arte de Mode, Inc. v. Neiman Marcus Group*, 395 S.W.3d 291, 296 (Tex. App.—Dallas 2013, no pet.). It is undisputed that Defendant never made a claim for Plaintiff's medical charges, never received a settlement that included any amount for Plaintiff's charges, and therefore Defendant does not, and has never held money belonging to Plaintiff.

The court explains that the lawyer "identified the elements of the claim on which there was no evidence." However, the lawyer's summary-judgment motion never actually does this. The lawyer was clearly asserting traditional-summary-judgment grounds in the quoted paragraph—that he has never held any money belonging to the clinic—because he never made a claim that included the clinic's medical charges and never received a settlement that included any amount for the clinic's charges. Holding that the lawyer met his burden under Rule 166a(i), this court

affirms the trial court's summary judgment in the lawyer's favor on this claim because the clinic did not produce evidence raising a genuine issue of material fact in response. Tex. R. Civ. P. 166a(i).[1]

This court also affirms traditional summary judgment on the clinic's unjust-enrichment claim when the lawyer stated no such specific ground for that claim. Rule 166a(c) requires that, and so does the supreme court. Tex. R. Civ. P. 166a(c) ("The motion for summary judgment shall state the specific grounds therefor."); *see McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 341 (Tex. 1993).

"Construing" the lawyer's various arguments as a traditional summary-judgment motion, the court determines that the lawyer's lack of knowledge of his client's assignment of benefits disproves the clinic's unjust-enrichment cause of action. On appeal, the lawyer states there was no unjust enrichment because the client's settlement amount was not increased because of the use of the clinic's billing records or charges. However, the lawyer did not make this argument below and the trial court was limited to the grounds expressly presented in the motion. *See* Tex. R. Civ. P. 166a(c); *Timpte Indus.*, 286 S.W.3d at 310 ("It is well settled that a trial court cannot grant a summary judgment motion on grounds not presented in the motion.").

The lawyer made only the following statements about his unjust-enrichment claim:

- "In this No-Evidence Motion for Summary Judgment, Defendant contends that there is no evidence on each element of Plaintiffs' tortious interference, third-party beneficiary claims, as well as Plaintiffs' claims alleging money

---

[1] The lawyer had alternate summary-judgment grounds to dispose of the money-had-and-received claim, which the court does not reach. None of those other grounds are viable.

had and received and unjust enrichment, and each such claim is barred by the applicable statute of limitations."

- "Defendant contends that the undisputed facts reveal that Plaintiff has no valid claim against Defendant because there is no evidence that Defendant was aware of the assignment of benefits . . . ."

- "Plaintiff never asserted or notified Defendant, in any manner, at any time, about the assignment and Defendant does not have, never collected, never received, and never had possession of any money belonging to Plaintiff."

The lawyer does argue (in a section entitled "Absent Knowledge of an Assignment of Benefits or a Letter of Protection Defendant Owed no Duty to Plaintiff") that he had no knowledge of the assignment and therefore no duty to the clinic under the Texas Disciplinary Rules of Professional Conduct. However, this argument is not specific to any cause of action and the lawyer never explains how his lack of knowledge or lack of duty disproves the unjust-enrichment claim (or any other claim).

Though the lawyer never explains how his lack of knowledge of the assignment between the clinic and his client disproves the clinic's claim for unjust enrichment, this court makes the argument for him. The court concludes the lawyer presented proof that he had no knowledge of the assignment and without knowledge of the assignment the lawyer proved that he did not obtain a benefit by "fraud, duress, or the taking of undue advantage." The court expressly states that the lawyer could not have taken "undue advantage" of the clinic when the lawyer was unaware of the any assignment in the clinic's favor.

The clinic's summary-judgment response acknowledged that the lawyer's summary-judgment motion is rooted in his lack of knowledge of the assignment. However, the clinic argued more broadly that the lawyer knew of his client's treatment at the clinic and relied on the clinic's medical records and treatment as

part of his client's claim. The clinic also points out that the lawyer obtained a $60,000 personal-injury settlement for his client based in part on his client's need to pay medical expenses of $24,044.65, only $500 of which were ever paid to any of the medical providers. Thus, the question of unjust enrichment and undue advantage is raised with or without the lawyer's knowledge of the assignment of benefits.

Summary judgment is an efficient means to resolve disputes and achieve finality. But this is not a case for such a final resolution. I would reverse the trial court's judgment on the clinic's money-had-and-received, unjust-enrichment and breach of third-party-beneficiary-contract claims, affirm in part on the remaining issues as challenged on appeal, and remand the case to the trial court for further proceedings. Accordingly, I respectfully concur in part and dissent in part to this court's judgment.


/s/    Charles A. Spain
        Justice

Panel consists of Justices Wise, Jewell, and Spain. (Jewell, J., majority).